**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JULES BEUGRE,
Petitioner,

v.

No. 96-1929

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-376-011)

Submitted: April 22, 1997

Decided: May 29, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Civil Division, David M. McConnell, Assistant Director, Kristal A.
Marlow, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jules Lele Beugre, a citizen and national of the Ivory Coast, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act ("Act") authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. The subjective element requires that the applicant present "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Beugre is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. Huaman-Cornelio, 979 F.2d at 999. The decision may be "re-

2

versed only if the evidence presented by [Beugre] was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Evidence established that Beugre entered the United States without inspection in December 1988. In June 1994, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against Beugre. Beugre failed to timely file his application for asylum and the IJ issued an order finding Beugre deportable in January 1995. Beugre filed a motion to reopen, which was granted. A hearing was held at which Beugre presented the testimony of his uncle, the United States chairman of the Front Populaire Ivorien ("FPI"), an opposition group. Beugre's uncle testified that he feared Beugre would be persecuted because the Government knows that Beugre is his nephew. Beugre then testified to his own political activities, which included membership in a student opposition group in 1987 and membership in FPI. Beugre testified that he was involved in one demonstration outside the Ivory Coast embassy for half an hour and did not speak publicly.

Beugre has not established a well-founded fear of persecution if he is returned to the Ivory Coast. There is no evidence that the Ivory Coast government will retaliate against Beugre because of his relationship with his uncle or that his political activities of seven years ago make him a target for retribution. Thus, there is substantial evidence to support the Board's finding that Beugre does not have a well-founded fear of persecution.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Beugre has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3